Edwards, Ch. J.
delivered the following opinion of the court: — M’Kinney brought an action of debt, for S 3,000 (in thenáme of the governor, &c.) against William Morrow and his securities, upon the bond given by Mbrrow, as sheriff of Bourbon county.
The plaintiff assigned three breaches of the condition ot said bond. Judgment was rendered against the defendants, by default; and oil the execution of the writ of inquiry, the jury assessed entire damages, and judgment was rendered for the plaintiff, for the penalty of the bond, to be dischárged by the payment ®f the damages 'ásses-sed by the jury, and costs.
The errors assigned, call in question the sufficiency of the assignments of breaches of the condition of the bond, contained in the declaration : and tile plaintiffs in error allege that if any one of the Breaches assigned, is defective, and shew rio cause of action for that one, that entire damages being given, the whole judgment is erro-tieous.
: , , ...... ,. . ,. .... The rule seems to be well settled, that in convenant, or .in debt, for breach of the condition of a bond with collateral condition, if two or more distinct breaches are assigned by the plaintiff, for one of which it appears that he had no legal cause of action ; although for the Others he has good cause ; judgment shall be arrested, or reversed, if entire damages are assessed by the juiyi Because the damages may Have been given, as well for that which furnished ho cause of action, as for those Which did ; and if the jury had not intended giving da-itiages for the insufficient breach, they ought to Have assessed the damages specially for the other Breaches only : which would be well enough — Cro. Eliz. 685, arid lOtH Co. 13d b. jamhs O.sburn’s case., .
These cases clearly settle the doctrine in covenant; and the principles áre equally applicable to the assign-mentof breaches in the condition of a bond with collateral condition. Neither of the cases are within the act of assembly which provides that where there are two or more counts in a declaration, one of which is faulty, the defendant may apply to the court to instruct the jury to disregard the faulty count . t _ and that if any one *490 the counts is good, the verdict and judgment shall stand, although general damages are found. Here, there is but one count* and that count insufficient.
Talbot,. for the plaintiffs; Clay and Blair for the defendant.
The question then* is, are all, or any of the breaches assigned, sufficient ? Some doubts are entertained whether any of them are ; because they do not aver that the monies received by Morrow from M’Kinney, were received upon, or before the return days of the several executions in the assignments of breaches mentioned ; and because there is no proferí made of these executions.
But without giving a positive opinion on these points, we have no hesitation in saying, that the second breach assigned, is wholly insufficient, and shews no cause of action. It alleges that the commonwealth had recovered a judgment against M’Kinney, as former sheriff of Bourbon; had sued out execution thereupon; which came to the hands of Morrow, as the then sheriff, to execute ; that Morrow, by virtue of that execution, had made sixty pounds off M’Kinney ; and that upon the return of the said execution, Morrow^44 did not return or mention the said sixty pounds, as received from said M’Kinney, as apart discharge of said judgment and execution.” This was sufficient to give the commonwealth (for her own use) a right of action against Morrow and his securities, to recover the money made by him upon her execution, but for which he had failed to ac count with her; but it gave no right of action upon the bond to M’Kinney; especially, as he does not shew he was injured thereby, by an averment that in consequence of Morrow’s failure to make return of the sixty pounds, he (M’Kinney) had been compelled by the commonwealth to pay that sum a second time, — —Judgment reversed.